UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SpringWorks, L.L.C.,                                       No. 04-4202 (DSD/SRN)

    Plaintiff and Counter-Defendant,

    vs.

Alliance Advisory Partners Limited,
Inc.; TeeWon, L.L.C.; and Michael H.
Francisco,

    Defendants and Counterclaimants.

---

Alliance Advisory Partners Limited,
Inc.; TeeWon, L.L.C.; and Michael H.
Francisco,

    Third Party Plaintiffs,

    vs.

The Petters Group Worldwide, LLC;
and Thomas Petters,

    Third-Party Defendants.

_____

**AMENDED COUNTERCLAIM AND
THIRD-PARTY COMPLAINT**
_____

    Alliance Advisory Partners Limited, Inc.; TeeWon, L.L.C.; and Michael H. Francisco (collectively the "Francisco Entities"), for their counterclaims against Plaintiff SpringWorks, L.L.C., and their third-party complaint against The Petters Group Worldwide, LLC, and Tom Petters (SpringWorks L.L.C., The Petters

1

Group Worldwide, L.L.C., and Thomas Petters will be referred to collectively as the "Petters Entities"), allege:

## Jurisdiction and Venue

1. Plaintiff SpringWorks, L.L.C. ("SpringWorks"), commenced this action in the Hennepin County District Court, Fourth Judicial District, State of Minnesota.

2. This Court would have had original jurisdiction over this action under 28 U.S.C. §§ 1332(a) because there is complete diversity of citizenship between the Plaintiff and all of the Defendants in that—

   (a) the Plaintiff is a citizen of Minnesota under the rule of *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.,* 357 F.2d 827 (8th Cir. 2004) (hereinafter "*GMAC*") because it is a limited liability company whose sole owner is a citizen of Minnesota;

   (b) Defendant Alliance Advisory Partners Limited, Inc. ("AAPL Inc."), is a citizen of Delaware and California;

   (c) Defendant TeeWon, L.L.C. ("TeeWon"), is a citizen of California under *GMAC* because it is a limited liability company whose sole owners are citizens of California; and

   (d) Defendant Michael H. Francisco ("Francisco") is a citizen of California .

3.   The Defendants therefore removed this action under 28 U.S.C. §§ 1441(a) & 1446.

4.   This Court has jurisdiction over these counterclaims under 28 U.S.C. § 1367(a).

**Parties**

5.   Counterclaimant and Third-Party Plaintiff AAPL Inc. was and is a corporation organized under the laws of Delaware, with its principal place of business at Suite 101, 770 Menlo Avenue, Menlo Park, California 94025. AAPL Inc. is a citizen of Delaware and California for diversity jurisdiction purposes under 28 U.S.C. § 1332(c)(1).

6.   Counterclaimant and Third-Party Plaintiff TeeWon was and is a limited liability company organized under the laws of Delaware, with its principal place of business at Suite 101, 770 Menlo Avenue, Menlo Park, California 94025.

7.   TeeWon is and at all times was wholly owned by Francisco Advisory Partners, LLC, a limited liability company organized under the laws of Delaware with its principal place of business at Suite 101, 770 Menlo Avenue, Menlo Park, California 94025.

8.   Francisco Advisory Partners, LLC, is and at all times was wholly owned by Michael H. Francisco and Janis L. Francisco, natural persons and husband and wife, citizens of California residing in Menlo Park, California. Thus,

for diversity jurisdiction purposes, TeeWon is a citizen of California under *GMAC*.

9.  Counter-Defendant SpringWorks was and is a limited liability company organized under the laws of Delaware, with its principal office at 4400 Baker Road, Minnetonka, Minnesota 55343.

10. The Francisco Entities are informed and believe, and thereon allege, that SpringWorks is either (a) wholly owned by Third-Party Defendant Thomas J. Petters ("Petters"), a natural person who is a citizen of and resides in Minnesota, as alleged in the complaint on file herein; or (b) wholly owned by Third-Party Defendant The Petters Group Worldwide, LLC ("Petters LLC"), as asserted in an October 21, 2003, letter agreement referenced below. In either event, SpringWorks is a citizen of Minnesota for diversity jurisdiction purposes under *GMAC*.

11. The Francisco Entities are informed and believe, and thereon allege, that Petters LLC is a limited liability company organized under the laws of Delaware, with its principal office at 4400 Baker Road, Minnetonka, Minnesota 55343.

12. The Francisco Entities are informed and believe, and thereon allege, that Petters LLC is wholly owned by Third-Party Defendant Petters, a resident and citizen of Minnesota. Thus, Petters LLC is a citizen of Minnesota for diversity jurisdiction purposes under *GMAC*.

**Facts**

13. On or about October 21, 2003, Alliance Advisory Partners, L.L.C. ("AAP LLC"), not a party to this action, and Petters LLC entered into a Consulting Services Agreement (the "Petters Group Consulting Agreement").

14. On or about September 21, 2004, AAP LLC assigned to Counterclaimant and Third-Party Plaintiff TeeWon its right to receive monies due under the Petters Group Consulting Agreement.

15. AAP LLC was and is a limited liability company organized under the laws of Delaware, with its principal place of business at Suite 101, 770 Menlo Avenue, Menlo Park, California 94025. AAP LLC is and at all times was wholly owned by Michael H. Francisco and Janis L. Francisco, natural persons and husband and wife, citizens of California residing in Menlo Park, California. Thus, AAP LLC is a citizen of California for diversity jurisdiction purposes under *GMAC*. Were AAP LLC a Counterclaimant and Third-Party Plaintiff, there would still be complete diversity between all Counterclaimants and Third-Party Plaintiffs, on the one hand, and all Counter- and Third-Party Defendants, on the other hand.

16. Effective January 1, 2004, TeeWon and SpringWorks entered into a Consulting Services Agreement (the "SpringWorks Consulting Agreement"). The SpringWorks Consulting Agreement stated that Francisco would coordinate

5

performance of the services under the agreement, and Francisco personally agreed to be bound by the agreement.

17. Effective January 1, 2004, AAPL Inc. and SpringWorks entered into a Management Services Agreement (the "SpringWorks Management Agreement"). The SpringWorks Management Agreement stated that Francisco would coordinate performance of the services under the agreement, and Francisco personally agreed to be bound by the agreement.

18. In order to induce TeeWon to enter into the SpringWorks Consulting Agreement and AAPL Inc. to enter into the SpringWorks Management Agreement, and to induce Francisco personally to bind himself to those agreements, Petters promised in a meeting among Francisco, Petters, and Petters' and SpringWorks' agent, Robert White, which occurred in Petters LLC's offices in Minnetonka, Minnesota, on or about March 3, 2004, that in addition to the amounts due under the SpringWorks Consulting Agreement and the SpringWorks Management Agreement, Petters personally would pay TeeWon Seven Hundred Fifty Thousand Dollars ($750,000.00) in a series of three post-dated checks (the "Petters–TeeWon Agreement").

19. On March 9, 2004, SpringWorks' and Petters' agent, Robert White, wrote to Francisco confirming the existence and terms of the Petters–TeeWon Agreement:

A meeting on Tuesday March 3, 2004 with Thomas Petters, Mike Francisco and Bob White to discuss the contracts between Mike Francisco / Alliance Partners to work with Petters Company / SpringWorks was held in Thomas Petters office. During that meeting, in order to bridge an impasse, Thomas Petters proposed Mike Francisco $1,500,000 pay would be paid half by the Company and half by Tom Petters personally. Thomas Petters committed to give Mike Francisco three $250,000 post dated checks for that purpose.

20. All of the Francisco Entities and AAP LLC have fully performed their respective duties under all their contracts with the Petters Entities, except to the extent that their performance has been excused by acts or omissions of the Petters Entities. Any condition precedent to the Petters Entities' performance under their contracts with the Francisco Entities and AAP LLC have occurred or have been excused or prevented by the breaches or other acts of the Petters Entities.

**Count I**
**(By TeeWon Against Petters LLC**
**for Breach of the Petters Group Consulting Agreement)**

21. The Francisco Entities adopt by reference and reallege the statements in this pleading's other paragraphs.

22. Petters LLC has materially breached the Petters Group Consulting Agreement by failing to pay a Project Completion Fee of Five Hundred Thirty-Eight Thousand Fifty-Eight Dollars ($538,058.00) in cash or in stock of Symmorphix, Inc., in connection with the completion of the Symmorphix, Inc. project.

23. The damage that TeeWon has suffered results directly and proximately from Petters LLC's breach.

24. TeeWon is entitled to a judgment against Petters LLC for at least Five Hundred Thirty-Eight Thousand Fifty-Eight Dollars ($538,058.00) in cash or in stock of Symmorphix, Inc.

**Count II
(By AAPL Inc. and TeeWon Against SpringWorks
for Breach of SpringWorks Consulting Agreement
and SpringWorks Management Agreement)**

25. The Francisco Entities adopt by reference and reallege the statements in this pleading's other paragraphs.

26. On or about August 25, 2004, SpringWorks purported to terminate the SpringWorks Consulting Agreement and the SpringWorks Management Agreement "for cause," and asserted that the purported breaches were not curable (the "Purported Termination Notice").

27. The Purported Termination Notice was a pretextual attempt to avoid SpringWorks' obligations under the SpringWorks Consulting Agreement and the SpringWorks Management Agreement, which could only be terminated by SpringWorks for "cause."

28. Section 10(a) of the SpringWorks Consulting Agreement and Section 11(a) of the SpringWorks Management Agreement required that any

notice of termination "shall state the basis of such termination in reasonable detail."

29. The Purported Termination Notice was defective and itself constituted a breach of both the SpringWorks Consulting Agreement and the SpringWorks Management Agreement at least because it failed to identify any alleged act or omission by AAPL Inc. or TeeWon which could have constituted a breach of contract, much less stated "the basis of such termination in reasonable detail."

30. While the Purported Termination Notice was defective, it nevertheless constitutes an anticipatory breach and repudiation of the SpringWorks Consulting Agreement and the SpringWorks Management Agreement.

31. SpringWorks has materially breached the SpringWorks Consulting Agreement and the SpringWorks Management Agreement by failing to pay:

(a) July 2004 operating expenses in the sum of Thirty-Two Thousand Ninety-Six Dollars and One Cent ($32,096.01);

(b) out-of-pocket travel expenses incurred by AAPL Inc. and TeeWon in the sum of Eight Thousand Three Hundred Twenty Dollars and Twenty-Six Cents ($8,320.26);

    (c)    a Project Completion Fee of Fifty Thousand Dollars ($50,000.00) in cash in connection with the completion of the Fidelica Microsystems, Inc., project;

    (d)    a Project Completion Fee of One Hundred Thousand Dollars ($100,000.00) in cash in connection with the completion of the Appairent Technologies Project; and

    (e)    annual compensation of Seven Hundred Fifty Thousand Dollars ($750,000), less amounts paid of Three Hundred Seventy-Five Thousand Dollars ($375,000.00), for an unpaid amount of Three Hundred Seventh-Five Thousand Dollars ($375,000.00).

32.    SpringWorks is indebted to AAPL Inc. and TeeWon for breach of the SpringWorks Consulting Agreement and the SpringWorks Management Agreement for at least Five Hundred Sixty-Five Thousand Four Hundred Sixteen Dollars and Twenty-Seven Cents ($565,416.27).

33.    The damage that AAPL Inc. and TeeWon have suffered results directly and proximately from SpringWorks' breaches.

34.    The Counterclaimants are entitled to a judgment against SpringWorks for at least Five Hundred Sixty-Five Thousand Four Hundred Sixteen Dollars and Twenty-Seven Cents ($565,416.27).

## Count III
**(By TeeWon Against Petters
for Breach of the Petters–TeeWon Agreement)**

35. The Francisco Entities adopt by reference and reallege the statements in this pleading's other paragraphs.

36. Petters has failed and refused to pay TeeWon any part of the Seven Hundred Fifty Thousand Dollars ($750,000.00) due and owing under the Petters–TeeWon Agreement, all of which is now due because of SpringWorks' anticipatory repudiation of the SpringWorks Consulting Agreement and the SpringWorks Management Agreement.

37. The damage that TeeWon suffered results directly and proximately from SpringWorks' breach.

38. TeeWon is entitled to a judgment against Petters for at least Seven Hundred Fifty Thousand Dollars ($750,000.00).

## Count IV
**(By Francisco and TeeWon Against Petters
for Intentional Misrepresentation)**

39. The Francisco Entities adopt by reference and reallege the statements in this pleading's other paragraphs.

40. Petters promised on or about March 3, 2004, that in addition to the amounts due under the SpringWorks Consulting Agreement and the SpringWorks

Management Agreement, Petters would pay TeeWon Seven Hundred Fifty Thousand Dollars ($750,000.00) in a series of three post-dated checks.

41. Petters' promise involved material facts.

42. Petters' promise involved facts that were susceptible of knowledge.

43. Petters knew that his promise was false.

44. Petters made his false representation intending that TeeWon and Francisco would rely on them, with a view toward inducing Francisco to cause TeeWon to enter into the SpringWorks Consulting Agreement and AAPL Inc. to enter into the SpringWorks Management Agreement, and to induce Francisco to agree to be bound by both agreements.

45. TeeWon did rely on Petters' false representation by entering into the SpringWorks Consulting Agreement, and Francisco did rely on Petters' false representation by causing TeeWon to enter into the SpringWorks Consulting Agreement and AAPL Inc. to enter into the SpringWorks Management Agreement, and by personally agreeing to be bound by both agreements.

46. The damage that TeeWon and Francisco suffered includes lost opportunities, harm to reputation, and Petters' unjust enrichment from opportunities that would otherwise have accrued to TeeWon and/or Francisco..

47. The damage that TeeWon and Francisco suffered results directly and proximately from Petters' misrepresentation.

48. TeeWon and Francisco are entitled to damages in an amount according to proof.

**Count V**
**(By the Francisco Entities Against the Petters Entities**
**for Breach of the Covenant of Good Faith and Fair Dealing)**

49. The Francisco Entities adopt by reference and reallege the statements in this pleading's other paragraphs.

50. The Francisco Entities' agreements with the Petters Entities each contained an implied covenant of good faith and fair dealing.

51. Each of the Petters Entities owed and owes to each of the Francisco Entities a duty of good faith and fair dealing.

52. The Francisco Entities have dealt fairly and in good faith with the Petters Entities.

53. On or about June 24, 2004, the Petters Entities' agent, Tom Hay, wrote:

> Mike's [Counterclaimant Michael H. Francisco's] contracts do not appear to include any rights for him with respect to products or transactions suggested by him and rejected by us. . . . As long as the contract is in effect we should probably not formally reject anything, but merely table things we aren't currently interested in or put them on hold. Then he can't do anything with them. . . .

54. The Petters Entities in fact followed the practice that Mr. Hay's message mentioned: they sat on opportunities that the Francisco Entities worked on, whether or not they were actually interested in the opportunity, in an attempt to

13

block the Francisco Entities from pursuing certain opportunities in which the Petters Entities were not legitimately interested.

55. The Petters Entities have failed to deal fairly and in good faith with the Francisco Entities.

56. The Petters Entities have injured the Francisco Entities right to receive the fruits of their agreements, to the Francisco Entities' damage.

57. The damage that the Francisco Entities have suffered includes, but is not necessarily limited to, unpaid amounts for services and expenses under the contracts, lost opportunities, harm to reputation, and the Petters Entities' unjust enrichment from opportunities that would otherwise have accrued to the Francisco Entities.

58. The damage that the Francisco Entities have suffered results directly and proximately from the Petters Entities' breach.

59. The Francisco Entities are entitled to damages for the Petters Entities' breach.

### Count VI
### (By the Francisco Entities Against the Petters Entities for Services Rendered)

60. The Francisco Entities adopt by reference and reallege the statements in this pleading's other paragraphs.

14

61. The Petters Entities are indebted to the Francisco Entities for at least One Million Eight Hundred Fifty-Three Thousand Four Hundred Seventy-Four Dollars and Thirty Cents ($1,853,474.30) for services rendered and expenses incurred.

62. The Francisco Entities have thereby suffered damage of at least One Million Eight Hundred Fifty-Three Thousand Four Hundred Seventy-Four Dollars and Thirty Cents ($1,853,474.30) for services rendered and expenses incurred.

63. The Francisco Entities are entitled to a judgment against the Petters Entities for at least One Million Eight Hundred Fifty-Three Thousand Four Hundred Seventy-Four Dollars and thirty Cents ($1,853,474.30) for services rendered and expenses incurred.

**Count VII**
**(By the Francisco Entities Against the Petters Entities**
**for Unjust Enrichment)**

64. The Francisco Entities adopt by reference and reallege the statements in this pleading's other paragraphs.

65. The services that the Francisco Entities rendered, and the expenses that they incurred, for the Petters Entities' benefit have unjustly enriched the Petters Entities in the value of at least One Million Eight Hundred Fifty-Three Thousand Four Hundred Seventy-Four Dollars and Thirty Cents ($1,853,474.30).

## Count VIII
### (By the Francisco Entities Against the Petters Entities for Interference with Business Relations)

66.     The Francisco Entities adopt by reference and reallege the statements in this pleading's other paragraphs.

67.     On or about June 24, 2004, the Petters Entities' agent, Tom Hay, wrote:

> Mike's [Counterclaimant Michael H. Francisco's] contracts do not appear to include any rights for him with respect to products or transactions suggested by him and rejected by us. . . . As long as the contract is in effect we should probably not formally reject anything, but merely table things we aren't currently interested in or put them on hold. Then he can't do anything with them. . . .

68.     The Petters Entities in fact followed the practice that Mr. Hay's message mentioned: they sat on opportunities that the Francisco Entities worked on, whether or not they were actually interested in the opportunity, in an attempt to block the Francisco Entities from pursuing certain opportunities in which the Petters Entities were not legitimately interested.

69.     The Petters Entities have thereby interfered with the Francisco Entities' actual and prospective business relations and advantage.

70.     The Petters Entities' interference was intentional, improper, and without justification.

71.     The Francisco Entities have thereby suffered damage in an unknown amount.

72. The damage that the Francisco Entities have suffered includes, but is not necessarily limited to, unpaid amounts for services rendered and expenses incurred, lost opportunities, harm to reputation, and the Petters Entities' unjust enrichment from opportunities that would otherwise have accrued to the Francisco Entities.

73. The damage that the Francisco Entities have suffered results directly and proximately from the Petters Entities' interference.

74. The Francisco Entities are entitled to damages in an amount according to proof.

### Count IX
### (By the Francisco Entities Against the Petters Entities for Misrepresentation)

75. The Francisco Entities adopt by reference and reallege the statements in this pleading's other paragraphs.

76. The Petters Entities' statements to the Francisco Entities about their consideration of certain opportunities in which the Petters Entities were not legitimately interested were false.

77. The Petters Entities' statements involved material facts.

78. The Petters Entities' statements involved facts that were susceptible of knowledge.

79. The Petters Entities knew that their statements were false.

80. The Petters Entities made their false representations to the Francisco Entities intending that the Francisco Entities rely on them, with a view toward inducing the Francisco Entities to keep performing under their contracts with the Petters Entities.

81. The Francisco Entities did rely on the Petters Entities' false representations, not knowing that those representations were false.

82. The damage that the Francisco Entities have suffered includes, but is not necessarily limited to, unpaid amounts for services rendered and expenses incurred, lost opportunities, harm to reputation, and the Petters Entities' unjust enrichment from opportunities that would otherwise have accrued to the Francisco Entities.

83. The damage that the Francisco Entities have suffered results directly and proximately from the Petters Entities' misrepresentation.

84. The Francisco Entities are entitled to damages in an amount according to proof.

**Count X
(By AAPL Inc. against SpringWorks
for Accounting)**

85. The Francisco Entities adopt by reference and reallege the statements in this pleading's other paragraphs.

86. Under the SpringWorks Management Agreement, SpringWorks owes AAPL Inc. additional remuneration as Project Success Fees and Project Completion Fees, including those earned within three hundred and sixty (360) days following termination, except if the termination was for cause.

87. AAPL denies that the Purported Termination was effective and further alleges that there was no "cause" for the Purported Termination, as "cause" is defined in Section 11(B)(4) of the SpringWorks Management Agreement.

88. An accounting is necessary to determine the Project Success Fees and Project Completion Fees to which AAPL Inc. is entitled under the SpringWorks Management Agreement.

89. AAPL Inc. is entitled to an accounting to determine the Project Success Fees and Project Completion Fees to which it is entitled under the SpringWorks Management Agreement.

**Prayer for Relief**

90. Wherefore the Francisco Entities demand judgment against the Petters Entities:

    (a)    for general damages in an amount according to proof;

    (b)    for an accounting to determine Project Success Fees and Project Completion Fees to which AAPL Inc. is entitled under the SpringWorks Management Agreement;

(c) for their attorneys' fees, costs, and disbursements herein; and

(d) for such other and further relief as may be just and equitable.

September 30, 2004.

FAEGRE & BENSON LLP

s/Brian Melendez_____
Daniel J. Connolly, No. 197427
Brian Melendez, No. 223633
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Ph. 612.766.7309
Fax 612.766.1600

and

Ian N. Feinberg
MAYER, BROWN, ROWE & MAW LLP
Suite 300
Two Palo Alto Square
Palo Alto, CA 94306
Ph. 650.331.2055
Fax 650.331.4555

Attorneys for Defendants,
Counterclaimants, and
Third-Party Plaintiffs

M1:1145364.01