UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

SpringWorks, LLC,

    Plaintiff and Counter-Defendant,                      Court File No. 04-4202 (DSD/SRN)

vs.

Alliance Advisory Partners Limited, Inc.;
TeeWon, LLC; and Michael H. Francisco

    Defendants and Counterclaimants.
_____

Alliance Advisory Partners Limited, Inc.;
TeeWon, L.L.C., and Michael H. Francisco,

    Third-Party Plaintiffs,

vs.

The Petters Group Worldwide, LLC, and
Thomas Petters,

    Third-Party Defendants.
_____

## AMENDED COMPLAINT
_____

    For its Amended Complaint against Defendants Alliance Advisory Partners Limited, Inc., TeeWon, LLC, and Michael H. Francisco, Plaintiff SpringWorks, LLC states and alleges as follows:

### PARTIES

    1.    Plaintiff SpringWorks, LLC ("SpringWorks") is a Delaware limited liability company engaged in the business of technology development. SpringWorks is owned by

Thomas J. Petters, a resident of Minnesota, whose business address is 4400 Baker Road, in Minnetonka, Minnesota 55343.

2. Upon information and belief, Defendant Alliance Advisory Partners Limited, Inc., ("AAPL") is a Delaware corporation with its principal place of business located at 770 Menlo Avenue, Suite 101, in Menlo Park, California, 94025.

3. Upon information and belief, Defendant TeeWon, LLC, ("TeeWon") is a Delaware limited liability company and an affiliate of AAPL with its principal place of business located at 770 Menlo Avenue, Suite 101, in Menlo Park, California, 94025.

4. Upon information and belief, Defendant Michael H. Francisco is a resident of California.

**AGREEMENT BETWEEN SPRINGWORKS AND AAPL AND FRANCISCO**

5. On March 11, 2004, Plaintiff SpringWorks entered into a Management Services Agreement ("Management Agreement") with AAPL. The Management Agreement had an effective date of January 1, 2004. A true and correct copy of the Management Agreement is attached as Exhibit A. Defendant Francisco executed the Management Agreement on behalf of AAPL, and he expressly agreed to be bound in his individual capacity by the terms of the Management Agreement.

6. The Management Agreement contains a forum selection provision granting Minnesota Courts exclusive jurisdiction and venue over any dispute. Paragraph 12(A) of the Management Agreement states:

> A. *Governing Law.* This Agreement shall be governed by the laws of Minnesota without regard to Minnesota's conflicts of law rules. Courts located in Minnesota shall have exclusive jurisdiction and venue over any dispute hereunder, and the parties agree to the personal jurisdiction of such courts.

7. The purpose of the Management Agreement is for AAPL to (i) find potential third-party Technology investment, product and/or licensing opportunities for SpringWorks and (ii) help negotiate the agreements with respect thereto at the direction and on behalf of SpringWorks. The Management Agreement governed AAPL in pursuing such investment opportunities.

8. Paragraph 1(B)(1) of the Management Agreement requires AAPL to act in the best interests of and for the benefit of SpringWorks.

9. Pursuant to paragraph 1(B)(2) of the Management Agreement, AAPL promised not to usurp SpringWorks' investment opportunities without the permission of SpringWorks or to offer investment opportunities to third parties without first offering such investment opportunities to SpringWorks. Paragraph 1(B)(2) of the Management Agreement states:

> (2) AAPL shall not provide Services to any third party or on its own behalf or pursue a New Business Opportunity (as defined below) (each a "Project") unless (x) AAPL shall have first presented such Project in writing (each, a "Project Proposal") to the Company (along with the proposed terms relating thereto) in accordance with Exhibit C, paragraph 3 and (y) the Company shall have not affirmatively determined in writing to pursue such Project within 30 days (each a "**Project Acceptance Notice**"), in which case AAPL may pursue such Project on AAPL's own behalf or on behalf of third parties on terms not materially different than those presented to the Company and its affiliates. Each New Business Opportunity shall be presented in accordance with the Procedures and Policies set forth on Exhibit C (as such Exhibit may be revised from time-to-time by the Company and accepted by Consultant). For purposes hereof, the term "**Project**" shall mean each New Business Opportunity procured by AAPL and presented to the Company, and the term "**New Business Opportunity**" shall mean any business opportunity made available to AAPL which, to the AAPL's knowledge, involves or pertains to the consumer electronics industry anywhere in the world. Notwithstanding the foregoing, New Business Opportunity shall not include the activities described in Exhibit A, as amended by the parties from time to time.

10. Paragraph 7 of the Management Agreement requires AAPL and Francisco to maintain the confidentiality of SpringWorks and its affiliates' confidential information.

11. Paragraph 5 of the Management Agreement requires AAPL to keep SpringWorks advised of AAPL's progress in performing the services under the Management Agreement and prepare written reports as requested by SpringWorks.

12. Among other things, Exhibit C of the Management Agreement requires AAPL to follow various procedures in conducting its work and designated Mr. Thomas S. Hay as the person to be provided information regarding AAPL's activities.

13. Pursuant to paragraph 11 of the Management Agreement, SpringWorks may terminate the Management Agreement for Cause by giving 30 days' prior written notice. Paragraph 11(A) of the Management Agreement states:

> A. *Termination.* AAPL may terminate this Agreement at any time by giving the Company 30 days' prior written notice of such termination, which notice shall state the basis of such termination in reasonable detail. The Company may terminate this Agreement at any time for Cause by giving AAPL 30 days' prior written notice of such termination, which notice shall state the basis of such termination in reasonable detail.

14. Among other things, Cause is defined in paragraph 11(B)(4) of the Management Agreement as AAPL materially breaching any term of this Agreement, provided that AAPL has been given notice of such failure or breach <u>which is curable</u>.

15. SpringWorks sent notice of termination of the Management Agreement to AAPL and Francisco via certified mail August 25, 2004 and via facsimile on August 26, 2004.

**AGREEMENT BETWEEN SPRINGWORKS AND TEEWON AND FRANCISCO**

16. On March 11, 2004, Plaintiff SpringWorks entered into a Consulting Services Agreement ("Consulting Agreement") with TeeWon. The Consulting Agreement also had an effective date of January 1, 2004. A true and correct copy of the Consulting Agreement is attached as Exhibit B. Defendant Francisco executed the Consulting Agreement on behalf of

4

TeeWon, and he expressly agreed to be bound in his individual capacity by the terms of the Consulting Agreement.

17.     The Consulting Agreement contains a forum selection provision granting Minnesota Courts exclusive jurisdiction and venue over any dispute. Paragraph 11(A) of the Consulting Agreement states:

> A. *Governing Law.* This Agreement shall be governed by the laws of Minnesota without regard to Minnesota's conflicts of law rules. Courts located in Minnesota shall have exclusive jurisdiction and venue over any dispute hereunder, and the parties agree to the personal jurisdiction of such courts.

18.     The purpose of the Consulting Agreement is for TeeWon to assist AAPL to (i) find potential third-party Technology investment, product and/or licensing opportunities for SpringWorks and (ii) help negotiate agreements with respect thereto at the direction and on behalf of SpringWorks. The Consulting Agreement governed TeeWon in pursuing such investment opportunities.

19.     Plaintiff entered into the Consulting Agreement with TeeWon at the request of Francisco. Upon information and belief, TeeWon had no independent role in pursuing technology investment opportunities from those of AAPL.

20.     Paragraph 1(B)(i) of the Consulting Agreement requires TeeWon to act in the best interests of and for the benefit of SpringWorks.

21.     Pursuant to Paragraph 1(B)(i)(a)(ii), TeeWon also promised not to usurp SpringWorks' investment opportunities without the permission of SpringWorks or to offer investment opportunities to third parties without first offering such investment opportunities to SpringWorks. Paragraph 1(B)(i)(a)(ii) of the Consulting Agreement states:

> (a)     (ii) Consultant shall not provide Services to any third party or on its own behalf (a "Project") unless (x) Consultant shall have first presented such Project in writing to the Company (along with the proposed terms related thereto)

5

in accordance with Exhibit C, paragraph 3 and (y) the Company shall have not affirmatively determined in writing to pursue such Project within 30 days, in which case Consultant may pursue such Project on Consultant's own behalf or on behalf of third parties on terms not materially different than those presented to the Company, subject to all of the terms of Section 1.C.

22.    Paragraph 6 of the Consulting Agreement requires TeeWon and Francisco to maintain the confidentiality of SpringWorks and its affiliates' confidential information.

23.    Paragraph 4 of the Consulting Agreement requires TeeWon to keep SpringWorks advised of TeeWon's progress in performing the services under the Consulting Agreement and prepare written reports as requested by SpringWorks.

24.    Among other things, Exhibit C of the Consulting Agreement requires TeeWon to follow various procedures in conducting its work and designated Mr. Thomas S. Hay as the person to be provided information regarding TeeWon's activities.

25.    Pursuant to paragraph 10 of the Consulting Agreement, SpringWorks may terminate the Consulting Agreement for Cause by giving 30 days' prior written notice. Paragraph 10(a) of the Consulting Agreement states:

> a. *Termination*. Consultant may terminate this Agreement at any time by giving the Company 30 days' prior written notice of such termination, which notice shall state the basis of such termination in reasonable detail. The Company may terminate this Agreement at any time for Cause by giving Consultant 30 days' prior written notice of such termination, which notice shall state the basis of such termination in reasonable detail.

26.    Among other things, Cause is defined in paragraph 10(b)(iii) as TeeWon materially breaching any term of the Consulting Agreement, provided that TeeWon has been given notice of such failure or breach which is curable.

27.    SpringWorks sent notice of termination of the Consulting Agreement to TeeWon and Francisco via certified mail on August 25, 2004 and via facsimile on August 26, 2004.

6

## AAPL, TEEWON AND FRANCISCO BREACHED THE MANAGEMENT AGREEMENT AND CONSULTING AGREEMENT

28. AAPL, TeeWon, and Francisco materially breached the Management Agreement and the Consulting Agreement in a manner that is not curable.

29. Upon information and belief, AAPL, TeeWon, and Francisco breached the Management Agreement and Consulting Agreement in their dealings with Fidelica Microsystems, Inc. ("Fidelica").

30. Upon information and belief, on or about March 5, 2004, AAPL, TeeWon, and Francisco presented investment and licensing proposals and term sheets to Fidelica that did not reflect the terms favored or approved by SpringWorks. Upon information and belief, AAPL, TeeWon, and Francisco made these proposals without first presenting a Transaction Memorandum conforming to the requirements of Paragraph 3 of Exhibit C to the Management Agreement and Paragraph 3 of Exhibit C to the Consulting Agreement and without the approval of SpringWorks, as required by Paragraph 5 of Exhibit C to the Management Agreement and Paragraph 4 of Exhibit C to the Consulting Agreement.

31. Upon information and belief, AAPL, TeeWon, and Francisco further breached the Management Agreement and Consulting Agreement by failing to disclose to SpringWorks information about the proposals made to Fidelica and denying that term sheets had been provided and discussed with Fidelica. This conduct violated Paragraph 5 of the Management Agreement and Paragraph 4 of the Consulting Agreement.

32. Upon information and belief, AAPL, TeeWon, and Francisco breached the Management Agreement and Consulting Agreement by continuing to negotiate with Fidelica after being instructed to cease all negotiations. This violated Paragraph 1(B)(2) of the Management Agreement and 1(B)(i)(a)(ii) of the Consulting Agreement.

33. Upon information and belief, in August 2004, AAPL and Francisco breached Sections 1(B)(1) and 1(B)(2) of the Management Agreement and TeeWon and Francisco breached (1)(B)(i) and 1(B)(i)(a)(ii) of the Consulting Agreement by proposing to S.K. Ganapathi, Fidelica's CEO, that Fidelica not work with SpringWorks on an investment, but instead abandon that idea and accept an investment from others.

34. Upon information and belief, on or about July 7, 2004, AAPL, TeeWon, and Francisco breached the Management Agreement and Consulting Agreement, when Francisco, entered into a Non-Circumvention/Mutual Non-Disclosure Agreement with LaserCard, LLC, on behalf of AAPL. Upon information and belief, Francisco, TeeWon and AAPL did not disclose this agreement to SpringWorks. This conduct violated Paragraphs 1(B)(1) and 7, and Paragraphs 2 and 5 of Exhibit C to the Management Agreement and Paragraphs 1(B)(i) and 6, and Paragraph 2 and 4 of Exhibit C to the Consulting Agreement.

35. Upon information and belief, in April 2004, AAPL, TeeWon, and Francisco breached the Management Agreement and Consulting Agreement in their dealings with Appairent Technologies, Inc. ("Appairent"). Upon information and belief, AAPL, TeeWon, and Francisco presented investment and licensing proposals and term sheets to Appairent that did not reflect the terms favored or approved by SpringWorks. This conduct violated Paragraph 1(B)(1) of the Management Agreement and 1(B)(i) of the Consulting Agreement.

36. Upon information and belief, AAPL, TeeWon, and Francisco made proposals to Appairent without first presenting a Transaction Memorandum conforming to the requirements of Paragraph 3 of Exhibit C to the Management Agreement and Paragraph 3 of Exhibit C to the Consulting Agreement and without the approval of SpringWorks as required by Paragraph 5 of

8

Exhibit C to the Management Agreement and Paragraph 4 of Exhibit C to the Consulting Agreement.

37.   Upon information and belief, AAPL, TeeWon, and Francisco breached the Management Agreement and Consulting Agreement by failing to disclose to SpringWorks information about the proposals made to Appairent and denying that term sheets had been provided and discussed with Appairent.  This violated Paragraph 5 of the Management Agreement and Paragraph 4 of the Consulting Agreement.

### COUNT I – DECLARATORY JUDGMENT AGAINST AAPL AND FRANCISCO

38.   SpringWorks realleges and incorporates by reference the preceding paragraphs.

39.   A justiciable controversy exists between the parties as to whether SpringWorks owes any expenses or fees to AAPL or Francisco under the terms of the Management Agreement.

40.   SpringWorks is entitled to a declaration pursuant to Minn. Stat. § 555.01 et seq., stating that SpringWorks does not owe AAPL and/or Francisco any expenses or fees under the Management Agreement.

### COUNT II – DECLARATORY JUDGMENT AGAINST TEEWON AND FRANCISCO

41.   SpringWorks realleges and incorporates by reference the preceding paragraphs.

42.   A justiciable controversy exists between the parties as to whether SpringWorks owes any expenses or fees to TeeWon or Francisco under the terms of the Consulting Agreement.

43.   SpringWorks is entitled to a declaration pursuant to Minn. Stat. § 555.01 et seq., stating that SpringWorks does not owe TeeWon any expenses or fees under the Consulting Agreement.

### COUNT III– BREACH OF CONTRACT AGAINST AAPL AND FRANCISCO

44. SpringWorks realleges and incorporates by reference the preceding paragraphs.

45. AAPL and Francisco materially breached the Management Agreement.

46. As a result of such breaches, SpringWorks has been damaged in an amount to be determined at trial.

### COUNT IV– BREACH OF CONTRACT AGAINST TEEWON AND FRANCISCO

47. SpringWorks realleges and incorporates by reference the preceding paragraphs.

48. TeeWon and Francisco materially breached the Consulting Agreement.

49. As a result of such breaches, SpringWorks has been damaged in an amount to be determined at trial.

### COUNT V – BREACH OF FIDUCIARY DUTIES AND DUTIES OF GOOD FAITH AND FAIR DEALING AGAINST AAPL AND FRANCISCO

50. SpringWorks realleges and incorporates by reference the preceding paragraphs.

51. At all times, AAPL and Francisco have been, have held themselves out to be, and have been obligated to act as, fiduciaries who would act in the best interests of SpringWorks. Under the Management Agreement and by virtue of their other relationships and dealings with SpringWorks, AAPL and Francisco were obligated to carry out their responsibilities in good faith, without conflicts of interest, self-dealing, and with full disclosure to SpringWorks of all material facts and circumstances that could benefit or harm SpringWorks. They owed SpringWorks, among other obligations, a fiduciary duty of the utmost honesty and good faith in their dealings with SpringWorks.

52. AAPL and Francisco have breached their fiduciary duties and duties of good faith and fair dealing toward SpringWorks.

53. As a result of such breaches, SpringWorks is entitled to damages in an amount to be determined, but including the disgorgement of money AAPL and Francisco received under the terms of the Management Agreement.

**COUNT VI – BREACH OF FIDUCIARY DUTIES AND DUTIES OF GOOD FAITH AND FAIR DEALING AGAINST TEEWON AND FRANCISCO**

54. SpringWorks realleges and incorporates by reference the preceding paragraphs.

55. At all times, TeeWon and Francisco have been, have held themselves out to be, and have been obligated to act as, fiduciaries who would act in the best interests of SpringWorks. Under the Consulting Agreement and by virtue of their other relationships and dealings with SpringWorks, TeeWon and Francisco were obligated to carry out their responsibilities in good faith, without conflicts of interest, self-dealing, and with full disclosure to SpringWorks of all material facts and circumstances that could benefit or harm SpringWorks. They owed SpringWorks, among other obligations, a fiduciary duty of the utmost honesty and good faith in their dealings with SpringWorks.

56. TeeWon and Francisco have breached their fiduciary duties and duties of good faith and fair dealing toward SpringWorks.

57. As a result of such breaches, SpringWorks is entitled to damages in an amount to be determined, but including the disgorgement of money TeeWon and Francisco received under the terms of the Consulting Agreement.

**COUNT VII – ATTORNEYS' FEES AGAINST AAPL AND FRANCISCO**

58. SpringWorks realleges and incorporates by reference the preceding paragraphs.

59. The Management Agreement allows SpringWorks to recover its attorneys' fees it incurred in any court action at law or equity to enforce its rights under each Agreement.

**COUNT VIII – ATTORNEYS' FEES AGAINST TEEWON AND FRANCISCO**

60. SpringWorks realleges and incorporates by reference the preceding paragraphs.

61. The Consulting Agreement allows SpringWorks to recover its attorneys' fees it incurred in any court action at law or equity to enforce its rights under each Agreement.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. Declaring that Plaintiff has no further obligation under the Management Agreement, including payment of any fees or expenses;

B. Declaring that Plaintiff has no further obligation under the Consulting Agreement, including payment of any fees or expenses;

C. Awarding Plaintiff damages against AAPL and Francisco in an amount to be determined at trial;

D. Awarding Plaintiff damages against TeeWon and Francisco in an amount to be determined at trial;

E. Disgorging the fees SpringWorks paid AAPL and Francisco under the Management Agreement;

F. Disgorging the fees SpringWorks paid TeeWon and Francisco under the Consulting Agreement;

G. Awarding Plaintiff its costs, disbursements, and attorneys' fees incurred herein; and

H. Granting such other and further relief as the Court deems just and equitable.

Dated: December 22, 2004

s/ Jeffrey W. Jones
David R. Marshall (#184457)
Jeffrey W. Jones (#311418)
FREDRIKSON & BYRON, P.A.
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, MN  55402-1425
Telephone:  (612) 492-7000
Facsimile:   (612) 492-7077

ATTORNEYS FOR PLAINTIFF

#3029358\1